IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

In re:

Alice M Taylor
Ronald Taylor

Debtor(s)

U.S. Bank National Association as
Indenture Trustee for Springleaf
Mortgage Loan Trust 2013-3, Mortgage-
Backed Notes, Series 2013-3
FHA/VA/RHS: Nationstar Mortgage
LLC

Movant,

vs

Alice M Taylor
Ronald Taylor

William C. Miller

Respondents.

Case No.: 17-11134
Chapter 13
Judge Magdeline D. Coleman
* * * * * * * * * * * * * * * * * *

Date and Time of Hearing
March 19, 2019 at 10:30 a.m.

Place of Hearing
U.S. Bankruptcy Court
900 Market Street, Courtroom #2
Philadelphia, PA, 19107

Related Document # 46

## STIPULATION FOR SETTLEMENT OF MOTION FOR RELIEF FROM AUTOMATIC STAY AS TO REAL PROPERTY LOCATED AT 318 ENGLE STREET, CHESTER, PA 19013 (Dkt. #46)

This matter coming to be heard on the *Motion for Relief from Stay* (Dkt. #46) which was filed in this court by U.S. Bank National Association as Indenture Trustee for Springleaf Mortgage Loan Trust 2013-3, Mortgage-Backed Notes, Series 2013-3 FHA/VA/RHS: Nationstar Mortgage LLC ("Movant"), by and through its mortgage servicing agent Nationstar Mortgage LLC d/b/a Mr. Cooper,, Movant and Alice M Taylor and Ronald Taylor by and through counsel (collectively, "Debtor"), have agreed to a course of action which will condition the continuation of the automatic stay upon certain provisions incorporated herein for the protection of Movant; and Parties stipulate to the following and request a Court order confirming the same:

1. The Parties agree that the Chapter 13 Plan ("Plan") filed herein on behalf of Debtor provided that said Debtor was to make regular monthly mortgage payments to Movant outside of the Plan in a regular monthly fashion.

2. The Parties agree that in breach of said Plan, Debtor failed to make regular monthly mortgage payments to Movant and is currently in default for the months of November 2018 through March 2019, incurring a total post-petition arrearage of $3,231.67, which consists of 1 post-petition payment for November 9, 2018 at $466.32, 1 post-petition payment for December 9, 2018 at $432.53, 2 post-petition payments for January 9, 2019

1

17-014920_SCS2

and February 9, 2019 at $434.01 each, 1 post-petition payment for March 9, 2019 at $433.80 and attorney fees and costs of $1,031.00. There is $178.29 in suspense, which reduces the total post-petition arrearage to $3,053.38.

3. Debtor shall repay the total post-petition arrearage of $3,053.38 directly to the Movant.

4. Debtor shall submit ongoing monthly mortgage payments directly to the Creditor starting with the April 9, 2019 post-petition payment and to make all further payments in a timely fashion.

5. Movant must receive the following payments by the corresponding dates:

    a. $508.90 plus the April 2019 post-petition mortgage payment on or before the last day of that month;

    b. $508.90 plus the May 2019 post-petition mortgage payment on or before the last day of that month;

    c. $508.90 plus the June 2019 post-petition mortgage payment on or before the last day of that month;

    d. $508.90 plus the July 2019 post-petition mortgage payment on or before the last day of that month;

    e. $508.90 plus the August 2019 post-petition mortgage payment on or before the last day of that month;

    f. $508.88 plus the September 2019 post-petition mortgage payment on or before the last day of that month.

6. Upon completion of the repayment schedule listed above or tender of sufficient funds to bring the loan post-petition current, Debtor must continue to make timely post-petition mortgage payments directly to Movant in a regular monthly fashion.

7. The following are events of default under this Stipulation:

    a. Debtor's failure to remit any two (2) post-petition monthly mortgage payments;

    b. Debtor's failure to remit any of the above listed payments on or before the corresponding due date.

8. In the event of a Default, Movant shall send a Notice specifying the Default, to Debtor and Debtor's counsel ("Notice"), allowing Debtor ten (10) days to cure the Default ("Cure Opportunity"). If the Default is not cured, Movant shall file a Certification of Default with the Court. The automatic stay shall be terminated as to Movant, its principals, agents, successors and/or assigns as to the subject property upon the Court's entry of an Order granting Movant's Certification of Default.

9. If Movant has to send a Notice of Default, the Debtor shall pay $100.00 per notice, as attorney fees, in addition to whatever funds are needed to cure the default prior to the expiration of the allowed cure period.

10. This Stipulation remains in full force and effect in the event Debtor's case is dismissed by the Court and Debtor subsequently reinstates his case by order of the Court and/or the Movant obtains relief from stay and the stay is subsequently reinstated by order of the Court.

11. If this bankruptcy proceeding is converted to Chapter 7, dismissed or discharged, this Order shall be terminated and have no further force or effect.

MANLEY DEAS KOCHALSKI LLC

Dated: 4/8/19

BY: *Karina Velter*
Karina Velter (94781)
Manley Deas Kochalski LLC
P.O. Box 165028
Columbus, OH  43216-5028
614-220-5611; Fax 614-627-8181
Email: kvelter@manleydeas.com
Attorney for Creditor

Dated: 3/27/19

BY: _____
Brad J. Sadek
Sadek and Cooper
1315 Walnut Street
Philadelphia, PA  19107
Telephone: 215-545-0008
Email: brad@sadeklaw.com
Attorney for Debtor

I do not object to the foregoing Stipulation

3

4/2/19

_____
William C. Miller
P.O. Box 1229
Philadelphia, PA 19105

Jacquelin M Chandler

No position

*without prejudice to any trustee rights or remedies